UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80825

CIV - HURLEY

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

MARY CIMEUS, on her own behalf
and others similarly situated,

Plaintiff,

v.

JM CLEANERS, INC., a Florida
corporation, and JOSEPH MULE,
individually,

Defendants.
____________________________/

**COMPLAINT**

1. Plaintiff, MARY CIMEUS, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, JM CLEANERS, INC., and JOSEPH MULE, individually, (collectively referred to as "Defendants") and brings this action on behalf of herself and other employees and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff performed work as a presser and related activities in Palm Beach County, Florida.

2. Defendant, JM CLEANERS, INC., is a Florida corporation that owns and operates a dry cleaner within Palm Beach County, Florida and within the jurisdiction of this Court.

3. At all times material hereto, JOSEPH MULE was and is an individual resident of the State of Florida, who owns and operates JM CLEANERS, INC., and who regularly

exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of JM CLEANERS, INC. By virtue of such control and authority, JOSEPH MULE is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

4. This action is brought to recover from Defendants overtime compensation, minimum wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b) (the Act).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce, and her work was essential to Defendants' business.

6. The additional persons who may become Plaintiffs in this action are hourly paid employees and/or former employees of Defendants who received straight time hourly wages for their overtime hours worked on or after September, 1999.

7. At all time pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty within a work week.

8. Plaintiff's employment with Defendants provided for compensation at an hourly

wage. Defendants paid Plaintiff with straight time hourly wages for her hours worked in excess of forty within a work week.

9. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

10. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

11. Plaintiff readopts and realleges and allegations contained in Paragraphs 1 through 10 above.

12. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

13. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

14. As a result of Defendants' willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

15. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and those similarly situated to her who have or will opt into this action, demand judgment against Defendants, JM CLEANERS, INC., and JOSEPH MULE, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

**COUNT II**
**RECOVERY OF MINIMUM WAGES**

16. Plaintiff readopts and realleges and allegations contained in Paragraphs 1 through 10 above.

17. Plaintiff is entitled to be paid at the current minimum wage rate of pay for each hour she worked during her employ.

18. On or about July, 2002, Plaintiff was terminated. Thereafter, Plaintiff requested proper compensation for her final days of work, and Defendants have still failed to comply.

19. Defendant willfully failed to pay Plaintiff at the current minimum wage for her final days of work contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206 ).

20. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for her last two days of work.

WHEREFORE, Plaintiff demands judgment against Defendants, JM CLEANERS, INC., and JOSEPH MULE, for compensatory damages, an additional equal amount of liquidated damages, together with costs and attorney's fees pursuant to the FLSA and such other further

relief as this Court deems just and proper, including trial by jury.

DATED this 28th day of August, 2002.

SHAVITZ LAW GROUP, INC.
2000 Glades Road, Suite 200
Boca Raton, FL 33431
Tel: 561-447-8888
Fax: 561-447-8831
E-mail: gshavitz@shavitzlaw.com

GREGG I. SHAVITZ
Fl. Bar No.: 11398

The JS-44 civil cover sheet and the informatio[n] [co]ntained herein neither replace nor supplement the [filing] and service of pleadings or other papers as required by law, excep[t as] provided by local rules of co[urt.] [T]his form, approved by the Judicial Conference of th[e] [Un]ited States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

02-80825 CIV-HURLEY

**I. (a) PLAINTIFFS**

MARY CIMEUS, on her own behalf and others similarly situated,

**DEFENDANTS**

JM CLEANERS, INC., a Florida corporation, and JOSEPH MULE, individually.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 561-447-8888
Shavitz Law Group
2000 Glades Road, Suite 200
Boca Raton, FL 33431

ATTORNEYS (IF KNOWN)
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs.
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY JUDGE ____ DOCKET NUMBER ____

DATE 8/28/02

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 216898 AMOUNT $150.00 APPLYING IFP____ JUDGE Hurley MAG. JUDGE Lynch